UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| HENRY SMITH,<br>    Plaintiff,<br><br>    v.<br><br>J. BROWN,<br>    Defendant. | )<br>)<br>)<br>) Case No. 1:24-cv-1491-SEM-DJQ<br>)<br>)<br>)<br>) |

### MERIT REVIEW ORDER

**SUE E. MYERSCOUGH, United States District Judge:**

Plaintiff *pro se* Henry Smith has filed a Complaint (Doc. 1) pursuant to *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971), a Motion to Request Counsel (Doc. 5), and a Motion for Leave to File Amended Complaint (Doc. 8), which are now before the Court.

### I. Screening Standard

The Court must "screen" Plaintiff's complaint and dismiss any legally insufficient claim or the entire action if warranted. 28 U.S.C. § 1915A. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.* In reviewing the complaint, the Court

Page **1** of **8**

accepts the factual allegations as accurate, liberally construing them in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013) (citation omitted).

## II. Facts Alleged

In the Complaint (Doc. 1), Plaintiff alleges that he fell on an icy sidewalk at the Federal Correction Institute in Pekin, Illinois ("FCI Pekin"), on January 22, 2024. Defendant is J. Brown, whom Plaintiff identifies in the Complaint as the Healthcare Administrator at FCI Pekin.

Plaintiff was diagnosed with a broken arm two days later, on January 24, 2024. Plaintiff alleges that he was scheduled to see an orthopedic doctor at an outside clinic on January 26, 2024, but that due to Defendant's failure to make proper arrangements he was not actually seen until six weeks later, on March 1, 2024.

As a result of the delay, Plaintiff alleges that his arm had already healed improperly and the surgery therefore included rebreaking his arm and fitting it with a plate and screws. Plaintiff

alleges he is suffering excruciating pain from a "botched operation." He further alleges that he has only 50 percent use in his right (dominant) arm.

Finally, Plaintiff alleges in his Complaint that Defendant refuses to send him to an outside doctor for the removal of the plate and screws, which Plaintiff alleges are causing him pain. In his Motion to Amend Complaint, Plaintiff adds only that Defendant is "refusing to reschedule" his appointment to have a doctor remove the plate and screws from his arm.

### III. Analysis

As a preliminary matter, the Court typically does not accept piecemeal amendments to pleadings. Rather, a motion to amend complaint should include as an attachment a proposed amended complaint that would completely replace the original complaint and would stand on its own without reference to or reliance upon the earlier complaint. *See Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 n.1 (7th Cir. 2004).

Regardless, Plaintiff's allegation that Defendant is interfering in some way his appointments to remove the plate and screws is adequately alleged in the initial Complaint. Therefore, the Motion to

Amend (Doc. 8) is DENIED as MOOT. The original Complaint will remain the operative pleading.

Turning to the allegations in Plaintiff's Complaint, in order to state an Eighth Amendment deliberate indifference claim, Plaintiff must allege that (1) he suffered an objectively serious medical need and (2) Defendant was deliberately indifferent to that need. Further, "an inmate who complains that delay in medical treatment rose to a constitutional violation must...[allege] the detrimental effect of delay in medical treatment." *Langston v. Peters*, 100 F.3d 1235, 1240 (7th Cir. 1996).

Plaintiff has adequately alleged that he suffered an objectively serious medical need when he broke his arm. At this stage, he has also adequately alleged that a delay in treatment for his broken arm had a detrimental effect because the surgery was more complicated and less effective, resulting in pain and reduced use of his arm.

As for allegations that the delay was a result of deliberate indifference by Defendant, at this stage the Court liberally construes the facts alleged in the Complaint in Plaintiff's favor. *See Turley*, 729 F.3d at 649. Plaintiff has plausibly alleged that he was promptly scheduled to see an outside surgeon just two days after

his diagnosis with a broken arm, but that he was not actually seen for an additional six weeks due to Defendant's failure to make necessary arrangements for the appointment. Similarly, Plaintiff alleges that Defendant is refusing to schedule follow-up care, despite the surgery allegedly causing extreme pain and other complications.

Plaintiff may therefore proceed on an Eighth Amendment medical deliberate indifference claim against Defendant J. Brown.

### IV. Request for Counsel

Plaintiff has also filed a Motion to Request Counsel (Doc. 5).

A *pro se* litigant has no right to counsel in a civil case. *Olson v. Morgan*, 750 F.3d 708, 711 (7th Cir. 2014). However, the federal statute authorizing *in forma pauperis* status provides a court "may request an attorney to represent any person unable to afford counsel." See 28 U.S.C. 1915(e)(1). A court does not have the authority to require an attorney to accept pro bono appointments in civil cases. *Pruitt v. Mote*, 503 F.3d 647, 653 (7th Cir. 2007).

When considering a request for counsel by a pro se litigant the Court undertakes a two-part inquiry: (1) whether the plaintiff made a reasonable attempt to obtain counsel or has been effectively

precluded from doing so, and, if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself. *Pruitt v. Mote*, 503 F.3d at 655.

As to the first inquiry, plaintiffs normally make this showing by filing copies of letters sent to several attorneys seeking assistance, along with copies of the responses they received from the attorneys they contacted. Plaintiff has not done so, nor has he included any other information suggesting that he has made any attempts to obtain counsel. Because Plaintiff has not satisfied this first, threshold requirement, his Motion to Request Counsel (Doc. 5) is DENIED.

**IT IS THEREFORE ORDERED:**

1) **Plaintiff's Motion for Leave to File Amended Complaint [8] is DENIED as MOOT, and the original Complaint [1] remains the operative pleading in this case.**
2) **Plaintiff's Motion to Request Counsel [5] is DENIED.**
3) **According to the Court's Merit Review of Plaintiff's Complaint under 28 U.S.C. § 1915A, Plaintiff has alleged enough facts to proceed with an Eighth Amendment medical deliberate indifference claim against Defendant Brown. Additional claims shall not be included in the case, except at the Court's discretion on motion by a party for good cause shown or under Federal Rule of Civil Procedure 15.**

4)  The Clerk of Court is directed to send, by certified mail, a Waiver of Service, a copy of Plaintiff's Complaint, and a copy of this Order to Defendant Brown at FCI Pekin. Summons must also be sent to the United States Attorney for the Central District of Illinois, the Attorney General of the United States, and the Federal Bureau of Prisons.

5)  This case is now in the process of service. The Court advises Plaintiff to wait until counsel has appeared for Defendant before filing any motions, to give Defendant notice and an opportunity to respond to those motions. Motions filed before Defendant's counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit evidence to the Court unless otherwise directed by the Court.

6)  If Defendant has not filed an Answer or appeared through counsel within ninety days of the entry of this Order, Plaintiff may file a motion requesting the status of service. After Defendant has been served, the Court will enter an order setting discovery and dispositive motion deadlines.

7)  If Defendant no longer works at the address provided by Plaintiff, the entity for whom that Defendant worked while at that address shall submit to the Clerk said Defendant's current work address or, if not known, said Defendant's forwarding address. This information shall be used only for effectuating service. Documentation of forwarding addresses shall be retained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

8)  This District uses electronic filing, which means that, after Defendant's counsel has filed an appearance, counsel will automatically receive electronic notice of any motion or other paper filed by Plaintiff with the Clerk. Therefore, Plaintiff does not need to mail copies of motions and other documents that Plaintiff has filed with the Clerk to Defendant's counsel. However, this does not apply to discovery requests and responses. Discovery requests and

responses are not filed with the Clerk. Instead, Plaintiff must mail his discovery requests and responses directly to Defendant's counsel. Discovery requests or responses sent to the Clerk will be returned unfiled unless they are attached to and the subject of a motion to compel. Discovery does not begin until Defendant's counsel have filed an appearance, and the Court has entered a scheduling order, which will explain the discovery process in more detail.

9) Defendant's counsel is granted leave to depose Plaintiff. Defendant's counsel shall arrange the time for the deposition.

10) Plaintiff shall immediately notify the Court, in writing, of any change in his mailing address and telephone number. Plaintiff's failure to inform the Court of a change in mailing address or phone number will result in the dismissal of this lawsuit with prejudice.

11) The Court directs the Clerk to enter the standard qualified protective order under the Health Insurance Portability and Accountability Act.

ENTERED September 18, 2025.

s/ *Sue E. Myerscough*
_____
SUE E. MYERSCOUGH
UNITED STATES DISTRICT JUDGE